UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CESAR SANCHEZ, individually and on behalf of all
others similarly situated,

                          Plaintiff,

        -against-

NEW EXPRESS HAND CAR WASH INC. d/b/a
EXPRESS HAND CAR WASH, and JUAN PABLO
CUEVAS, as an individual,

                          Defendants.
------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, CESAR SANCHEZ, individually and on behalf of all others similarly situated, (hereinafter, "Plaintiff") by and through his attorneys, Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff CESAR SANCHEZ, individually and on behalf of all others similarly situated, through undersigned counsel, brings this action against Defendants NEW EXPRESS HAND CAR WASH INC. d/b/a EXPRESS HAND CAR WASH, and JUAN PABLO CUEVAS, as an individual, to recover damages for Defendants' egregious violations of the State and Federal wage and hour laws arising out of Plaintiff's employment by the Defendants at NEW EXPRESS HAND CAR WASH INC. d/b/a EXPRESS HAND CAR WASH.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages, and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal, and equitable remedies that this Court deems appropriate.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

1

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff CESAR SANCHEZ was employed by the Defendants to work as a vehicle cleaner and washer at NEW EXPRESS HAND CAR WASH INC. d/b/a EXPRESS HAND CAR WASH (hereinafter, "Express Hand Car Wash"), located at 2137 Southern Blvd., Bronx, New York, 10460 from in or around January 2015 until in or around March 2020.

8. Upon information and belief, Defendant Express Hand Car Wash is a domestic business corporation organized under and existing by virtue of the laws of the State of New York, with a principle office located at 2137 Southern Blvd., Bronx, New York, 10460.

9. Upon information and belief, Defendant Express Hand Car Wash is authorized to conduct business pursuant to laws of the State of New York.

10. Upon information and belief, Defendant JUAN PABLO CUEVAS – known to the Plaintiff by the name "Pablo" (and hereinafter referred to as, "Cuevas") – owns and operates the Defendant Express Hand Car Wash.

11. Upon information and belief, Defendant Cuevas manages Express Hand Car Wash.

12. Upon information and belief, Defendant Cuevas is the Chief Executive Officer of Express Hand Car Wash.

13. Upon information and belief, Defendant Cuevas would be frequently present at Express Hand Car Wash and supervised employees, including the Plaintiff, while there.

14. Defendant Cuevas would instruct employees of Express Hand Car Wash, including the Plaintiff, on how to perform their jobs, or what tasks to complete during the workday.

15. Defendant Cuevas is the individual in charge of the day-to-day operations of Express Hand Car Wash, including the ordering of products for the business.

16. Upon information and belief, Defendant Cuevas would determine how the employees of Express Hand Car Wash, including the Plaintiff, were to be paid.

17. Upon information and belief, Defendant Cuevas was responsible for determining the rate of pay to employees, including Plaintiff.

18. Upon information and belief, Defendant Cuevas distributed pay to the employees, including the Plaintiff.

19. Upon information and belief, Defendant Cuevas has the power to hire and fire employees at Express Hand Car Wash, and makes final personnel decisions regarding employee issues at Express Hand Car Wash.

20. Upon information and belief, Defendant Cuevas has power over payroll decisions at Express Hand Car Wash, establishes and pays employees their wages, sets their work schedules, and maintains their employment records.

21. 22. At all times relevant hereto, Defendant Cuevas was and is an agent of Express Hand Car Wash.

22. At all times relevant hereto, Defendant Cuevas was Plaintiff's employer within the meaning of the FLSA and NYLL.

23. On information and belief, Express Hand Car Wash is, at present, and has been at all times relevant to the allegation contained in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity: (i) hires two or more employees at all times hereto; (ii) has employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person; and (iii) has had an annual gross volume of sales of not less than $500,000.00.

## **FACTUAL ALLEGATIONS**

24. Plaintiff CESAR SANCHEZ was employed by Defendants to perform work as a vehicle cleaner and washer and other miscellaneous duties for Defendants at Express Hand Car Wash, at 2137 Southern Blvd., Bronx, New York, 10460 from in or around January 2015 until in or around March 2020.

25. Throughout Plaintiff CESAR SANCHEZ' employment by Defendants, Plaintiff regularly worked seven (7) days per week, unless there was inclement weather.

26. Plaintiff CESAR SANCHEZ worked approximately seventy-seven (77) hours or more hours per week from in or around January 2015 until in or around March 2020.

27. During Plaintiff CESAR SANCHEZ' employment by Defendants, Plaintiff was not paid a weekly, daily, nor hourly rate for his hours worked.

28. As such, Plaintiff was not compensated for any of his hours worked from in or around January 2015 until in or around March 2020.

29. Defendants were not entitled to take a tip credit as to Plaintiff CESAR SANCHEZ, as Defendants did not maintain proper tip records or ensure that Plaintiff would receive a certain amount in tips each shift.

30. Instead, throughout Plaintiff CESAR SANCHEZ' employment by Defendants, Defendants paid Plaintiff CESAR SANCHEZ $60.00 per day if, and only if, Plaintiff CESAR SANCHEZ cleaned at least one hundred (100) cars on that given day; or $70.00 per day if, and only if, Plaintiff CESAR SANCHEZ cleaned at least two hundred (200) cars on that day.

31. As such, on most days, Plaintiff was required to work approximately eleven (11) hours per day, and would only be compensated $60.00, assuming that he cleaned at least 100 cars that day.

32. Accordingly, Defendants failed to pay Plaintiff CESAR SANCHEZ the legally prescribed minimum wage for all his hours worked from in or around January 2015 through in or around March 2020, a blatant violation of the minimum wage provisions contained within the FLSA and the NYLL.

33. Moreover, although Plaintiff CESAR SANCHEZ worked approximately seventy-seven (77) hours or more hours per week from in or around January 2015 until in or around March 2020, Defendants did not pay Plaintiff time and a half (1.5) for all his hours worked over forty (40) in a workweek, a blatant violation of the overtime provisions contained within the FLSA and NYLL.

34. Furthermore, although Plaintiff CESAR SANCHEZ worked a straight shift consisting of greater than ten (10) hours, seven (7) days per week, from in or around January 2015 until in or around March 2020, Defendants failed to pay Plaintiff CESAR SANCHEZ for an additional hour of pay at the basic minimum hourly wage rate, for each day in which Plaintiff CESAR SANCHEZ' spread of hours exceeded ten (10) hours, a blatant violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y.C.R.R. § 142-3.4.

35. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

36. Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

37. As a result of these willful violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings this action on behalf of himself and all other employees similarly situated, as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the "Collective Class."

39. Collective Class: All persons who are or have been employed by NEW EXPRESS HAND CAR WASH INC. d/b/a EXPRESS HAND CAR WASH as an automobile cleaner, washer, worker or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of job function(s) for any of the Defendants other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum wages, overtime wages, and/or spread of hours wage compensation.

40. Upon information and belief, the Defendants employed at least 50 employees within the relevant time period who the Defendants subjected to similar payment structures or who were not paid at the legally prescribed minimum wage or provided any overtime compensation.

41. The Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty (40) hours per week without any overtime compensation.

42. The Defendants' unlawful conduct has been widespread, repeated, and consistent.

43. The Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

44. The Defendants had knowledge that Plaintiff and the Collective Class performed work without receiving compensation at the legally prescribed minimum wage.

45. The Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff, and the Collective Class.

46. The Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class.

47. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through the Defendants' records.

48. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

49. The claims of Plaintiff are typical of the claims of the putative class.

50. Plaintiff and counsel will fairly and adequately protect interests of the putative class.

51. A collective action is superior to all other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

52. Plaintiff re-alleges, repeats, and incorporates by reference all allegations contained within in all preceding paragraphs as if more fully set forth herein.

53. Plaintiff has consented in writing to be a named party to this action pursuant to 29 U.S.C. §216(b).

54. At all times relevant hereto, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

55. At all times relevant hereto, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

56. Defendants willfully failed to pay Plaintiff's overtime wages for his hours worked in excess of forty (40) hours per week at a rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under 29 U.S.C. §206(a) in violation of 29 U.S.C. §207(a)(1).

57. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

58. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically, 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

59. Plaintiff re-alleges, repeats, and incorporates by reference all allegations contained within in all preceding paragraphs as if more fully set forth herein.

60. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

61. Defendants failed to pay Plaintiff's overtime wages for all his hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

62. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages, and an amount equal to unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

63. Plaintiff re-alleges, repeats, and incorporates by reference all allegations contained within in all preceding paragraphs as if more fully set forth herein.

64. Plaintiff has consented in writing to being a party to this action, pursuant to 29 U.S.C. §216(b).

65. At all times relevant hereto, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

66. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

67. Defendants willfully failed to pay Plaintiff a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

68. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

69. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiff's compensation.

70. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

71. Plaintiff re-alleges, repeats, and incorporates by reference all allegations contained within in all preceding paragraphs as if more fully set forth herein.

72. At all times relevant hereto, Plaintiff was employed by the Defendants within the meaning of NYLL §§2 and 651.

73. At all times relevant hereto, Defendants were Plaintiff's employers within the meaning of NYLL.

74. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

75. Defendants also failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled per NYLL §652, in violation of 12 N.Y.C.R.R. § 142-2.1, et. seq.

76. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

77. Plaintiff re-alleges, repeats, and incorporates by reference all allegations contained within in all preceding paragraphs as if more fully set forth herein.

78. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at the basic minimum hourly wage rate for each day Plaintiff's spread of hours exceeded ten (10) hours in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. §§ 142-2.4; 142-3.4

79. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663(1).

## SIXTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

80. Plaintiff re-alleges, repeats, and incorporates by reference all allegations contained within in all preceding paragraphs as if more fully set forth herein.

81. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (the Plaintiff's primary language), of Plaintiff's rate of pay, regular pay day, and such other information as required by NYLL §195(1).

82. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

83. Plaintiff re-alleges, repeats, and incorporates by reference all allegations contained within in all preceding paragraphs as if more fully set forth herein.

84. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3).

85. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs, and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be granted:

   a. Declaring Defendants' conduct complained of herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
   b. Awarding Plaintiff unpaid overtime wages;
   c. Awarding Plaintiff unpaid spread of hours;
   d. Awarding Plaintiff unpaid minimum wages;
   e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
   f. Awarding Plaintiff prejudgment and post-judgment interest;

g. Awarding Plaintiff costs of bringing this action, together with reasonable attorneys' fees; and

h. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 5th day of March, 2021.

_____
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, P.C.
Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Tel.: (718) 263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CESAR SANCHEZ, individually and on behalf of all others similarly situated,

                              Plaintiff,

-against-

NEW EXPRESS HAND CAR WASH INC. d/b/a EXPRESS HAND CAR WASH, and JUAN PABLO CUEVAS, as an individual,

                              Defendants.

## COLLECTIVE ACTION COMPLAINT

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for Plaintiff(s)*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO**: *All Defendants*

**NEW EXPRESS HAND CAR WASH INC. d/b/a EXPRESS HAND CAR WASH**
2137 SOUTHERN BLVD.
BRONX, NEW YORK 10460

**JUAN PABLO CUEVAS**
2137 SOUTHERN BLVD.
BRONX, NEW YORK 10460

2707 MORRIS AVE APT 2A
BRONX, NEW YORK 10468-3538

11