UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CESAR SANCHEZ, individually and on behalf of all others similarly situated,

                                                    Plaintiff,

      -against-

NEW EXPRESS HAND CAR WASH INC. d/b/a EXPRESS HAND CAR WASH, and JUAN PABLO CUEVAS, as an individual,

                                                    Defendants.
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 10/5/2022

**~~PROPOSED~~ DEFAULT JUDGMENT**

**21-cv-1926 (ALC)**

This action was commenced pursuant to Plaintiff's Cesar Sanchez ("Plaintiff") filing of the Summons and Complaint on March 5, 2021 (*see* Complaint attached hereto as **Exhibit A**), with service of the Summons and Complaint having been effectuated on the Defendants as follows:

1. On March 17, 2021, true and correct copies of the Summons and Complaint were served on Defendant, New Express Hand Car Wash Inc. d/b/a Express Hand Car Wash, at 2137 Southern Boulevard, Bronx, New York 11460 upon MARIA VAZQUEZ, clerk authorized to accept such service on behalf of the defendant (*see* Affidavit of Service attached hereto as **Exhibit B**).

2. On March 17, 2021, true and correct copies of the Summons and Complaint were served on Defendant, Juan Pablo Cuevas, as an individual at 2137 Southern Boulevard, Bronx, New York 11460 upon MARIA VAZQUEZ, clerk authorized to accept such service on behalf of the defendant (*see* Affidavit of Service attached hereto as **Exhibit C**).

3. Defendant Juan Pablo Cuevas failed to develop any information that he was in the military upon service of process. Upon information and belief, Defendant Juan Pablo Cuevas is not in the military nor dependent upon anyone in the military.

4. Defendant Juan Pablo Cuevas is <u>not</u> an infant nor incompetent; Defendant Juan Pablo Cuevas is the adult owner of the Defendant corporate entity sued within.

5. Defendants New Express Hand Car Wash Inc. d/b/a Express Hand Car Wash, and Juan Pablo Cuevas, as an individual, has failed to interpose an answer to complaint and have not responded nor appeared on this matter to date.

6. The Defendants have been properly served and are aware of the Complaint against them, yet at no point during this matter have the Defendants retained counsel, nor have the Defendants formally appeared in this matter to provide a response and the time for Defendants to do so has expired.

7. On June 11, 2021, counsel for Plaintiff Cesar Sanchez filed a Request for Certificate of Default as against Defendants New Express Hand Car Wash Inc. d/b/a Express Hand Car Wash, and Juan Pablo Cuevas, as an individual, and the default of the Defendants was entered by the Clerk of the Court on June 11, 2021 pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for the Defendants' failure to answer, appear, or otherwise move with respect to the Complaint (Entry of Default is attached hereto as **Exhibit D**; **Exhibit E**).

8. The Defendant, New Express Hand Car Wash Inc. d/b/a Express Hand Car Wash, has been properly served, is aware of the Complaint in this matter, and has failed to provide a response since the above-referenced certificate was issued.

9. The Defendant, Juan Pablo Cuevas, as an individual, has been properly served, is aware of the Complaint in this matter and has failed to provide a response since the above-referenced certificate was issued. Therefore, it is:

**ORDERED, ADJUDGED AND DECREED**: that Plaintiff Cesar Sanchez has judgment against New Express Hand Car Wash Inc. d/b/a Express Hand Car Wash, and Juan Pablo Cuevas, as an individual, in the liquidated amount of $513,423.44, calculated as: unpaid overtime wages in the sum of $169,795.11, unpaid spread of hours in the sum of $21,499.75, and unpaid minimum wages in the sum of $60,416.86, with 9% prejudgment interest pursuant to CPLR § 5004 accruing from September 14, 2017* in the amount of $ 84,844.09 ; plus liquidated damages in the sum of $251,711.72; plus $10,000.00 for Defendants' violations of NYLL § 195(1)(3), amounting in all to $ 598,267.53 , plus post-judgment interest pursuant to 28 U.S.C. § 1961, which Cesar Sanchez shall have execution thereof.

**SO ORDERED:** this  5  day of  October , 2022.

_(signature)_
Honorable Andrew L. Carter, Jr.
United States District Judge

---

*The Court has calculated prejudgment interest using the midpoint of Plaintiff's employment period (from March 1, 2015 to March 31, 2020) and the date of Plaintiff's motion was filed (June 11, 2021).